■ DOLORES MIRANDA et al., Respondents, v. ARTHUR MORENO, Appellant. — Order, Supreme Court, Bronx County, entered on June 13, 1972, affirmed. Plaintiffs-respondents shall recover of defendant-appellant $40 costs and disbursements of this appeal. In this action to recover for personal injuries, the discretion of the court was properly exercised to deny the motion for leave to serve an amended answer to set forth the defense of general release. The defendant submitted nothing to contradict the affidavit of plaintiff's attorney setting forth facts establishing that the release was delivered without plaintiff's authority and that plaintiff never accepted the check delivered as consideration for the release. Furthermore, there is no explanation by defendant of his gross laches (about a year's delay) in moving to amend his pleadings, unless it be that the defense lacks merit. Concur — Stevens, P. J., Markewich, Nunez and Eager, JJ.; McGivern, J., dissents in the following memorandum: I would reverse and grant the motion permitting defendant to serve an amended answer setting forth a defense of general release. The order appealed from, in denying defendant's motion, relied upon a claimed previous determination that the release in question was invalid. Even if it be assumed that such a previous determination was intended by the Justice, whose order is now appealed from, there is no explicit decision to this effect; and it is elementary that a decision has no efficacy until incorporated into an order. The only previous order which could be relied upon for the disposition now appealed from, fails to contain a decretal paragraph setting aside the release. Furthermore, the record fails to disclose that the defendant was a party to the " open court " proceeding, referred to in the recitals of the previously entered deficient order, wherein the previous determination was erroneously claimed to have been made. And this objection is wholly aside from the question as to whether the court had the power to so do, absent an independent, plenary action seeking such an end.

■ MARGARET E. PASS, as Administratrix of the Estate of SAM W. PASS, Deceased, Respondent, v. B.S.F. Co., Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered June 16, 1972, unanimously reversed, on the law and the facts, without costs and without disbursements, and motion to take the deposition of Maurice Goodman as a witness in the action granted. Defendant upon a motion for summary judgment obtained an affidavit from Maurice Goodman. Upon the return of the motion defendant was confronted with another affidavit from the same affiant giving a different and quite contradictory version of the operative facts. Defendants promptly moved to depose the witness. We believe that these facts constitute special circumstances entitling the defendant to examine. Concur — Markewich, J. P., Kupferman, Murphy, McNally and Steuer, JJ.